UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal No. 05-380 (JMR/SRN) |
| **Plaintiff,** | |
| v. | **REPORT AND RECOMMENDATION** |
| **JONY URIELAVILA SALDIVAR,** | |
| **Defendant.** | |

Tracy L. Perzel, Assistant United States Attorney, on behalf of Plaintiff

Virginia G. Villa, Esq., on behalf of Defendant

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter comes before the undersigned United States Magistrate Judge on Defendant's Motions to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 18), to Suppress Statements, Admissions, and Answers (Doc. No. 19) and to Dismiss Forfeiture Allegations (Doc. No. 24).[1] The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a)(iii)(1).

**I.   BACKGROUND**

On December 20, 2005, a Superceding Indictment was returned charging Defendant with possession, with intent to distribute, more than fifty grams of actual methamphetamine, a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and

---

[1] The parties also brought seven nondispositive motions which are addressed by the Court in a separate Order.

1

841(b)(1)(A). (Doc. No. 23.) The Superceding Indictment also alleges that, as a result of the charges filed against him, Defendant shall forfeit to the United States "all his right, title and interest in any and all property constituting or derived from any proceeds" Defendant "obtained directly or indirectly as a result of the said violation and in any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged." (Id. at 2.) On December 23, 2005, the Court held oral argument on Defendant's motions. (Doc. No. 27.) At the close of the hearing, the Court granted the parties leave to submit supplemental briefs and the Court took the matter under advisement after those briefs were submitted, on January 17, 2006. (See id.) At the motion hearing, the United States presented the testimony of Investigator Douglas Wood and Investigator Kevin Otto, employees of the Ramsey County Sheriff's Department. (Transcript of Dec. 23, 2005 Mot. Hearing, Doc. No. 32 at 5-6, 70.) At the hearing, the following exhibits were received:

> Government Exhibit 1: Waiver and Consent to Search form dated August 31, 2005.
>
> Defense Exhibit 1: Photocopy of photograph number 24 of evidence seized.

(Id. at 33, 54.)

The facts leading up to the Superceding Indictment and relevant to the present motions are as follows. On August 31, 2005, law enforcement officials used a confidential reliable informant (CRI) to arrange a controlled buy with Defendant in which Defendant was to provide at least one pound of methamphetamine in exchange for $15,000. (Id. at 7-17.) Defendant arrived at a location and time prearranged with the

CRI.  (Id. at 10-22.)  The CRI gave a prearranged signal after the CRI saw what appeared to be drugs in Defendant's car.  (Id. at 22.)  Defendant concedes that officers had probable cause to arrest him and to search and seize the car he drove to the controlled buy.  (Doc. No. 30 at 2.)  The police recovered from Defendant's car a plastic Wal-Mart bag holding a box containing a plastic bag in which was a substance believed to be methamphetamine.  (Doc. No. 32 at 25.)

Officers then asked Defendant for his name and address and Defendant provided responses.  (Id. at 26-28.)  Officers concluded that Defendant had provided an incorrect home address and went to an address they believed to be his true residence.  (Id. at 27-31.)  After knocking on the address where officers believed Defendant lived, a woman who identified herself as Yanitta Reyes opened the door.  (Id. at 31.)  Reyes stated that she lived with Defendant at that address.  (Id.)  Officers told Reyes that Defendant had been arrested in possession of a large amount of methamphetamine and asked for Reyes to consent to a search of her residence for controlled substances and for documents confirming Defendant lived there.  (Id. at 31-34.)  Investigator Wood testified that Reyes responded that "to her knowledge there were [no drugs] there, but if there were she would like them taken out because she ha[d] children in the residence."  (Id. at 34.)  Reyes consented in writing to a search of the house.  (Gov't Ex. 1.)  In their search of the house, officers seized items from the master bedroom closet: (1) documents belonging to Defendant found in between folded clothing, and (2) a box of zip-lock baggies on a shelf with folded clothing.  (Doc. No. 32 at 73-77.)  Defendant concedes that the house searched was his home.  (Doc. No. 30 at 2.)

## II.   PARTIES' POSITIONS

At the hearing on Defendant's motions, Defendant conceded that his Motion to Suppress Statements, Admissions, and Answers (Doc. No. 19) was moot because Defendant only made standard booking type statements such as his name and address prior to being read his <u>Miranda</u> rights and the United States represented that it did not intend to introduce in its case in chief any of Defendant's statements.  (<u>See</u> Doc. No. 32 at 30-31.)  Defendant further limited his Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 18) to only those items seized as part of the search of Defendant's residence.  (<u>See</u> Doc. No. 30 at 2-3.)  Defendant concedes that the consent Reyes gave to the search of his home was voluntary.  (<u>Id.</u> at 3.)  Defendant contends, however, that the officers did not have the authority to seize items from his residence because they had no information as to his whereabouts prior to the controlled buy and they found no drugs in the residence.  (<u>Id.</u>)  Defendant argues that the items seized had no connection to the crime for which he was arrested.  (<u>Id.</u> at 4.)  The methamphetamine recovered earlier in the day was not packaged in zip-lock baggies, so they had no connection to any criminal activity according to Defendant.  (<u>Id.</u> at 5.)  Further, Reyes did not have the authority to authorize seizure of documents pertaining exclusively to Defendant.  (<u>Id.</u> at 4.)  Officers could only seize the items they seized if the items had some nexus to the crime committed by him, he argues.  (<u>Id.</u> at 4.)

The United States counters that Reyes had common authority over the areas searched, namely a common closet attached to the master bedroom, making their seizure valid.  (Doc. Nos. 21 at 7-8, 33 at 5.)  Therefore, the United States argues, Defendant assumed the risk that Reyes and anyone she authorized might find the items

seized.  (Doc. No. 33 at 5.)  Even if officers went beyond the scope of the consent provided by Reyes, the United States asserts that the items were validly seized because they were in plain view and the incriminating nature of the items was immediately apparent.  (Doc. No. 21 at 11.)  Finally, the United States argues that, even if suppressed from use in its case in chief, the United States should be allowed to use the items for impeachment purposes.  (Id.)

Defendant also moves to dismiss the forfeiture allegation contained in the Superceding Indictment because he claims it does not contain any facts regarding what property is subject to the grand jury's probable cause finding and, thus, does not meet the requirements of Federal Rule of Criminal Procedure 7.  (Doc. No. 30 at 5-7.)  The United States responds that Federal Rule of Criminal Procedure 32.2(a) only requires generalized notice to Defendant and does not require a substantive allegation in which the property subject to forfeiture, or Defendant's interest in the property, must be described in detail.  (Doc. No. 33 at 9-12.)  Finally, the United States represents that, should it continue to seek forfeiture through trial, it will file a bill of particulars, specifically identifying the property for which forfeiture is sought.  (Id. at 12.)

### III.    DISCUSSION

#### A.    Defendant's Motions to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 18)

"[W]hen the prosecution seeks to justify a warrantless search by proof of voluntary consent, it is not limited to proof that consent was given by the defendant, but may show that permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought

to be inspected." United States v. Matlock, 415 U.S. 164, 171 (1974). Here, Reyes consented to a search of the residence she shared with Defendant. (Doc. No. 32 at 31-34.) The Court finds that this consent extended to the master bedroom closet and to those items in the closet. Reyes knew Defendant had been arrested for possessing drugs and that the officers wished to search the house for drugs. (Id.) The items seized were located in an area of the house shared by Reyes and Defendant and the items seized had sufficient connection to the crime for which Defendant was arrested to be seized. Reyes consented to a search of the house for drugs which can be easily hidden, meaning that Reyes authorized a thorough search of the residence. See United States v. Alcantar, 271 F.3d 731, 738 (8th Cir. 2001), cert denied, 535 U.S. 964 (2002) (noting that drugs can be easily hidden and that officers may conduct a "sufficiently thorough" search when given consent to search for drugs). Given the above, the Court recommends denying Defendant's Motions to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 18).

      **B.**    **Defendant's Motion to Suppress Statements, Admissions, and Answers (Doc. No. 19)**

Defendant concedes his Defendant's Motion to Suppress Statements, Admissions, and Answers (Doc. No. 19) is moot. Therefore, the Court recommends denying this motion as moot.

      **C.**    **Defendant's Motion Dismiss Forfeiture Allegations (Doc. No. 24)**

Federal Rule of Criminal Procedure 7(c)(2) provides: "No judgment of forfeiture may be entered in a criminal proceeding unless the indictment or the information provides notice that the defendant has an interest in property that is subject to forfeiture

in accordance with the applicable statute." Federal Rule of Criminal Procedure 32.2(a), effective December 1, 2000, provides:

> (a) Notice to the Defendant.
>
> A court shall not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute.

The commentary to the rule explains this as follows:

> [S]ubdivision (a) is not intended to require that an itemized list of the property to be forfeited appear in the indictment or information or indictment itself. The subdivision reflects the trend in caselaw interpreting present Rule 7(c). Under the most recent cases, Rule 7(c) sets forth a requirement that the government give the defendant notice that it will be seeking forfeiture in accordance with the applicable statute. <u>It does not require a substantive allegation in which the property subject to forfeiture, or the defendant's interest in the property, must be described in detail.</u>

Fed. R. Crim. P. 32.2(a) advisory committee's note (2000) (citation omitted) (emphasis added). An indictment need not describe each item subject to forfeiture; "[t]his can be done in a bill of particulars." <u>United States v. Raimondo</u>, 721 F.2d 476, 477 (4th Cir. 1983) (per curiam), <u>cert. denied</u>, 469 U.S. 837 (1984).

In this case, the Court finds that the Superceding Indictment gives Defendant proper notice of the forfeiture the United States seeks. Given, the United States' representation that a bill of particulars will issue if it continues to seek forfeiture through trial, the Court recommends denying Defendant's Motion Dismiss Forfeiture Allegations (Doc. No. 24).

**THEREFORE, IT IS HEREBY RECOMMENDED that:**

1. Defendant's Motions to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 18) be **DENIED**;

2. Defendant's Motion to Suppress Statements, Admissions, and Answers (Doc. No. 19) be **DENIED as moot**; and

3. Defendant's Motion Dismiss Forfeiture Allegations (Doc. No. 24) be **DENIED**.

Dated: February 14, 2006

        s/ Susan Richard Nelson
        SUSAN RICHARD NELSON
        United States Magistrate Judge

Pursuant to D. Minn. L.R. 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by March 6, 2006 a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.